## SUPREME COURT.

### HOGG agt. ELLIS AND OTHERS.

The statute does not prevent a *limited partner*, if he is willing to assume the liabilities that follow, from acting as a general partner, unless, by the articles of co-partnership he is excluded from a control as a general partner. And this restriction may cease at the expiration of the partnership.

The statute authorizes an accounting between *general* and *special* partners, the same as other partners. And this liability to account must be as necessary and proper *after* as before the *dissolution*. Therefore, a *receiver* may be appointed in the same manner in cases of special partnership, as in others.

*New York, Special Term, November,* 1853. *Motion for a Receiver ; and motion to strike out part of the complaint.*

H. EDWARDS PIERREPONT & EDW'D SANDFORD, *for Defendants.* WM. CURTIS NOYES, *for Plaintiff.*

MITCHELL, Justice.—It sufficiently appears on the present motion, that all the merchandize was fairly sold by the plaintiff to his former co-partners, the Elises. If the plaintiff can impugn that sale by other evidence, at the hearing, he will be at liberty to do so, but on these affidavits the sale and purchase appear to be fair.

The partnership was a limited one, and it has expired by its own limitation. In ordinary partnerships it is a matter of course, on a bill to close the concern, after the dissolution, to appoint a receiver; and the same rule prevails if the proofs show, that at the hearing a dissolution will be granted, although the partnership has not yet expired. The reason of the rule is, that each partner has an equal right to the possession of the property and the collection of the assets, and as their disagreement prevents their allowing this right to each, the court

VOL. VIII. 60

Hogg agt. Ellis and others.

appoints a third party to act for them.    The limited partner is a partner as much as the general partner, and there is nothing to prevent him even during the continuance of the partnership, from taking an active part in its concerns, if he chooses to bring on himself the statutory consequences of a liability as a general partner.    The statute is for his protection if he will conform to it; it is not any part of its policy to prevent him from acting as a general partner, if he is willing to assume the liabilities that follow; and if he is willing, his partners have no ground of complaint, nor the creditors of the firm, if he leave their rights unimpaired.    It would be different if the general partners, by their articles, excluded the limited partner from a control, but then, this restriction might cease at the expiration of the partnership.    The statute as to the special partner is, that "if he shall interfere contrary to these provisions he shall be deemed a general partner," (1 _R. S._ 766, § 17,) and that is the only penalty.

Section 18 of the same statute is, that "the general partners shall be liable to account to each other, and to the _special partners_, for their management of the concern, both in law and equity, as other partners now are by law."    This liability to account must be proper and necessary, as well after the dissolution of the partnership as before, and must, therefore, have been intended to apply to both cases.    It is a liability to account in the _same manner_ as other partners are, that includes the liability to have a receiver appointed when it would be done in ordinary partnerships.

A receiver must be appointed in this case to collect all the debts, due or to become due to the firm, and to collect the amount due or to become due on the sales of the merchandize of the firm, for the general partners and any other persons, (if any,) liable on the sale.

Ten dollars, the costs of the motion, will abide the event. November 14, 1853.

The motion to strike out parts of the complaint is denied with costs.    November 16, 1853.