GEORGINA H. HERMES, as Executrix, etc., of FRANK J. HERMES, Deceased, Respondent, *v.* RICHARD J. COMPTON, JAMES K. FRASER and MARION C. HARPER, Individually and as Copartners Doing Business under the Firm Name and Style of THE BLACKMAN COMPANY, and COMPTON ADVERTISING, INC. (Also Sued Herein as BLACKMAN ADVERTISING, INC.), Appellants, Impleaded with MAX GELLER, Defendant.

Second Department, November 12, 1940.

*David B. Landis* [*Warren W. Cunningham* with him on the brief], for the appellants.

*Thomas D. Scoble, Jr.* [*Ralph S. Kent* with him on the brief], for the respondent.

JOHNSTON, J. This is an equity action for an accounting. The principal question to be determined is whether plaintiff has an adequate remedy at law to recover the moneys which she claims are due her as executrix of her deceased husband's estate. If she has, the complaint must be dismissed.

The facts in the main are set forth in written documents. On January 15, 1933, defendants James K. Fraser, Richard J. Compton and plaintiff's deceased husband, Frank J. Hermes, entered into a partnership agreement to conduct a general advertising agency under the name of The Blackman Company. The partnership was to continue for one year. Hermes died on October 11, 1933. The agreement provides that upon the death of any partner during the term of the partnership the "partnership shall not thereby be dissolved, but shall be continued by the survivor or survivors;" and "In full satisfaction of the interest of such deceased partner in the partnership and in complete liquidation thereof," his estate shall receive for a period of five years from the first day of January following his death a sum equal to a certain specified percentage of the excess of the total annual net income derived by the surviving partners over and above the sum of $75,000; and that upon making the payments specified "the estate of any deceased partner shall have no further interest in the assets, business or name of the partnership." The agreement also provides that "Nothing in this agreement contained shall be so construed as to constitute as a partner the estate of any deceased partner." With respect to the firm name of The Blackman Company and its good will, the agreement provides that it shall be the property of Fraser and Hermes, or the survivor of them, and that any partner who dies or withdraws from the partnership "shall thereupon lose all right thereto and all interest therein * * *."

After Hermes' death, Fraser and Compton continued the business until January 14, 1934, the date specified in the agreement for the termination of the partnership. On the following day, January 15, 1934, Fraser, Compton and one Marion C. Harper entered into a partnership under the same name of The Blackman Company. This partnership also was to continue for one year. The partnership agreement provides that out of the net profits of the new partnership "The amount payable to the estate of Frank J. Hermes, deceased, by any member or members of this partnership * * * shall be paid as a charge on the business of this partnership," and that upon the termination of the new partnership the assets shall be applied to the payment of the debts and liabilities of the partnership, including the amount due the estate of Hermes.

This second partnership did not terminate on January 14, 1935, as provided in the agreement, but continued until May 28, 1935, when Fraser, Compton and Harper organized the defendant corporation, Blackman Advertising, Inc., and transferred to it all the assets of the partnership. The corporation then executed an agreement assuming all the obligations of the partnership, and Fraser

and the corporation entered into a separate agreement whereby Fraser transferred to the corporation his right to the name of The Blackman Company, and the corporation assumed all Fraser's unpaid obligations to the Hermes estate as defined in the first agreement. Thereafter the corporate name was changed to Compton Advertising, Inc.

On February 19, 1935, plaintiff received $9,376.43, which appellants asserted was the share of the profits to which the Hermes estate was entitled under the terms of the 1933 agreement. Plaintiff seeks to compel not only Fraser and Compton, but also Harper and the two corporations, to render an account of the profits of the advertising business conducted by them. She also alleges that excessive salaries were paid, thereby reducing the profits, and that an accounting will show there is due her under the terms of the 1933 agreement a sum in excess of $70,000. The court directed the entry of an interlocutory judgment, which requires the defendants to account before an official referee.

In my opinion plaintiff has no right to an accounting in equity. While it is not essential to the right to an equity accounting that a legal partnership exist, yet this right is recognized only when a trust has been reposed in the defendant with respect to moneys or other property in his possession; that is, when he has been " intrusted with property of the plaintiff and, in consequence, to have become bound to reveal his dealings with it." (*Schantz* v. *Oakman*, 163 N. Y. 148, 156, 157.) I do not believe that upon Hermes' death a trust was reposed in the surviving partners with respect to Hermes' share of the partnership assets. There was neither a trust reposed nor any property with respect to which a trust could be reposed. True, as long as Hermes remained a partner there was property with respect to which a trust reposed among the partners. But by the terms of the agreement, immediately upon his death all of Hermes' property rights in the partnership assets were extinguished and the trust relationship which theretofore existed terminated. Instead of dissolving the partnership and distributing the assets, it was agreed that the partnership was to be continued by the surviving partners, who were to retain all the assets; and in exchange for Hermes' share therein and in consideration therefor they were to make the specified payments to Hermes' estate based on a sum equal to a percentage of the profits, and such payments were to be " In full satisfaction of the interest of such deceased partner in the partnership and in complete liquidation thereof * * *." That there was a complete severance of the relationship of trust and confidence that existed prior to the death of Hermes is also clear, because the agreement further provides that nothing contained

therein " shall be so construed as to constitute as a partner the estate of any deceased partner." In other words, Hermes' death effected not only a termination of the relationship of confidence and trust which theretofore existed, but also a sale to the surviving partners of his interest in the partnership assets. While after Hermes' death his estate was interested in the profits because the consideration of the sale was to be determined by the net income, it had no proprietary interest in the business or the profits. Hence, plaintiff has an adequate remedy at law and is not entitled to an accounting. (*Schantz* v. *Oakman, supra; Marvin* v. *Brooks,* 94 N. Y. 71, 75; *Clark* v. *Robinson,* 252 App. Div. 857; *New Yorkers Producing Corporation* v. *Moss,* 237 id. 567; *Low* v. *Swartwout,* 171 id. 725; *Warrin* v. *Warrin,* 169 id. 97.)

Plaintiff's contention that if she is relegated to an action at law she will be unable to examine the defendants before trial or secure a discovery and inspection of their books and records is untenable. (*Meisel* v. *Spielman Motor Sales Co., Inc.,* 260 App. Div. ——.)

Plaintiff also attempts to sustain her right to an accounting under section 74 of the Partnership Law. That statute provides: " The right to an account of his interest shall accrue to any partner, or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution in the absence of agreement to the contrary." It will be noted that the right to an accounting is granted only as of the date of dissolution and in the absence of an agreement to the contrary. Here the partnership agreement explicitly states that upon the death of a partner there shall not be a dissolution. While the court held there was no agreement to the contrary, the provisions of the 1933 agreement are inconsistent with the right to an accounting.

The interlocutory judgment should be reversed on the law, with costs, and the complaint dismissed, with costs, without prejudice to plaintiff's right to institute an action at law.

LAZANSKY, P. J., HAGARTY, ADEL and CLOSE, JJ., concur.

Interlocutory judgment reversed on the law, with costs, and the complaint dismissed, with costs, without prejudice to plaintiff's right to institute an action at law.