GABRIEL DAVIDSON, Suing for Himself and on Behalf of All Other Stockholders of SILVER ROD STORES, INC., Also Known as the CRESS MERCHANDISING CO., INC., SILVER ROD STORES SUPPLY CO., INC., and SILVER ROD STORES, INC., Appellant, v. SIMON RODNON and Others, Respondents; JOSEPH SILVERSTEIN and Others, Defendants.— Derivative action brought by a stockholder of three corporations challenging as an act of waste the purchase of a block of preferred stock incidental to a corporate reorganization, and challenging the legality of certain withdrawals or loans obtained by certain officers. Judgment dismissing the complaint on the merits reversed on the law and the facts, with costs, and judgment for the plaintiff directed to the extent of allowing interest on the alleged loans to respondents Simon Rodnon, Louis Rodnon, David Rodnon and Samuel Becker, with costs. There is no merit to the challenge as to the propriety of the purchase of the preferred stock. The finding, however, that respondents Simon Rodnon, Louis Rodnon, David Rodnon and Samuel Becker should not pay interest on the alleged " loans " or " withdrawals " may not be sustained. The record does not disclose when or by whom the alleged agreement that the withdrawals or loans should be without interest was made; nor does it disclose that the officers or directors who made it were without dual obligations so as to be free validly to make such an agreement. The said four respondents did not establish by credible evidence that there was an agreement to make the loans without interest. The board of directors, as such, never authorized the loans. The identity of the individuals who, it is claimed, made the agreement is not disclosed with definiteness so that its validity may be determined independently or in connection with the effect of the rule of divided loyalty upon the validity of their acts. Hence on this record the said four respondents owe interest on the several " loans." (*Rodgers* v. *Clement*, 162 N. Y. 422.) The plaintiff was responsible for enriching the corporations to the extent of $8,935.38, the principal of the loans. It is quite obvious that but for the activities of the plaintiff they never would have been repaid because no payments were made on account of them until after the plaintiff revealed the fact of the making of the withdrawals, although thirteen years had intervened the first withdrawal and the first payment on account. In addition, plaintiff has, at this stage at least, brought about a requirement that interest be paid on the loans. He, therefore, is entitled to an allowance for counsel fees. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions and a provision for counsel fee will be made. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur. Settle order on notice.