JOHN W. CROWLEY, Respondent, v. FULTON SAVINGS BANK KINGS COUNTY, Appellant.— Action to recover a balance on deposit with the defendant bank in the name of one now deceased, the plaintiff claiming to be the owner as the result of a gift made to him by the depositor. Judgment in favor of the plaintiff and against the defendant unanimously affirmed, without costs. No opinion. Present — Close, P. J., Hagarty, Johnston and Aldrich, JJ.; Carswell, J., not voting.

HARRY GOLDSTEIN, as Administrator of the Estate of JACOB GOLDSTEIN, Deceased, Appellant, v. SAMUEL ROSENBERG, Respondent. SOLOMON F. WEISSLER, as Receiver, Appellant.— Action by the legal representative of a deceased partner to compel defendant, as the surviving partner, to account for partnership assets owned by him and plaintiff's intestate at the time of the latter's death. Order denying plaintiff's motion for summary judgment and for the appointment of a referee to take and state the account between the parties, reversed on the law and the facts, with one bill of ten dollars costs and disbursements, and the motion granted, with one bill of ten dollars costs. Plaintiff has no adequate remedy at law. *Hermes* v. *Compton* (260 App. Div. 507), relied upon by respondent, has no application to the facts in the case at bar. No question of fact or law is presented that requires any interlocutory action by the court before the accounting is had. In view of the foregoing determination, the order granting the receiver's application to compel respondent to account for all profits realized by him in the use of partnership property after his partner's death is modified on the law and the facts by striking therefrom the fourth ordering paragraph containing the provision " that the hearing before such Official Referee shall not be had until the conclusion of the trial of the above entitled action to the end that all phases of the action will ultimately be heard by the same Referee." As so modified, the order, insofar as appealed from, is affirmed, without costs. Order denying the receiver's application to sell the fixtures and other assets of the partnership, without prejudice to renewal after it shall have been determined upon the trial whether the surviving partner has a preferential right to purchase the fixtures and assets, reversed on the law and the facts, without costs, and the motion granted, without costs. The order was improvidently made, particularly since the question of whether or not defendant, as a surviving partner, has a preferential right to purchase the interest of the deceased in the partnership assets is not involved in the instant action. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.