Aeon* Stetjer, J.
Although there are other defendants on this application we need only consider the defendant Delaney as it is his answer that is under attack. The complaint alleges that the plaintiff is a corporation engaged in the business of securing subscriptions to periodicals. It is the successor to a partnership. Defendant had been one of the partners. There are several causes of action all stemming from the claim that defendant and others conspired to operate a competing business by making use of trade secrets learned while they were connected with plaintiff or its predecessor, enticing away key employees, and inducing people with whom plaintiff had contracts to breach the same.
The motion seeks to strike out counterclaims and defenses. The first counterclaim seeks an accounting on the basis of *342 defendant’s former status as a partner in plaintiff’s predecessor. The counterclaim alleges the terms of the partnership and that on October 13, 1955 defendant gave notice that he intended to retire as a partner. It is alleged that pursuant to the terms of the partnership defendant’s capital interest was to remain in the partnership business for a period of 30 months. During this period defendant was to be paid at monthly intervals whatever this capital earned. It is then alleged that all of the assets of the partnership were transferred to the plaintiff and that defendant has received no accounting for his principal or for any profits that may have accrued. It is further alleged that the remaining partners became the stockholders of plaintiff and that the purpose of the transfer was to deprive defendant of his share of the partnersip assets. An accounting from plaintiff as a trustee ex maleficio is demanded.
The questions as regards this counterclaim are two — whether defendant as a retiring partner has any right to an accounting and secondly, if so, whether he can enforce that right against the plaintiff.
The right of a retiring partner to a partnership accounting depends first on whether there is a res. If there is none as where the agreement provides for continuation of the partnership and specified payments to the former partner the latter has no interest and there is nothing to be accounted for (Hermes v. Compton, 260 App. Div. 507). Here the partnership agreement (a part of the pleadings) provides that the interest of a retiring partner shall be considered as capital of the firm to the same extent as capital contributed by a limited partner. This agreement has no provisions as to limited partners so what is referred to is the right or interest of a limited partner under our law. There is some confusion in the authorities as regards the right of a limited partner to an accounting. By statute he has a right to ‘ a formal account of partnership affairs whenever circumstances render it just and reasonable ” (Partnership Law, § 99, subd. [1], par. [b]). And it was held as far back as 1853 that a limited partner may have an accounting (Hogg v. Ellis, 8 How. Prac. 473). But on the contrary the reasons for an accounting are lacking. It has been held that there is no element of mutual trust or confidence between general partners and a limited partner (Skolny v. Richter, 139 App. Div. 534) and that a limited partner has no interest in any of the assets of the partnership (Alley v. Clark, 71 F. Supp. 521). He has recently been described as a “ quasi-stockholder ” (Ruzicka v. Rader, 305 N. Y. 191, 197). These latter situations however refer to the limited partner’s relationship with third *343 persons and his duties to the general partners. Under certain circumstances he is entitled to a return of his investment. That right is not to receive back what he has invested but what that sum has produced or what portion of it remains according to the progress of the partnership business. The only feasible way of determining and obtaining this is by way of an accounting.
It remains to be seen whether the plaintiff corporation can be compelled to account. It is alleged that its stockholders are the former remaining partners, and that these transferred the partnership assets to it for the purpose of defeating defendant’s rights. The conclusion is that this renders the corporation the alter ego of the partners who would otherwise be liable. Piercing the corporate veil is always an operation of some delicacy, and uncertain in its outcome. Here all of the necessary elements are alleged and if established would make the case one for this relief. The counterclaim is valid.
We come now to the defenses. The first defense is an allegation that defendant acted in the premises in pursuance of legitimate business interest; and in the belief that what he did might lawfully be done; and without malice or intent to harm the plaintiff. Whether this constitutes a defense depends on the exact nature of plaintiff’s claim, which conceivably falls into either of two categories. If the action is in tort for a business wrong, the doing of an act otherwise legal for an evil purpose and with a malicious intent, the absence of such an intent is a defense (Beardsley v. Kilmer, 236 N. Y. 80). In any other type of action the matter. pleaded would not constitute a defense (King v. Krischer Mfg. Co., 220 App. Div. 584). It is however unnecessary to make the determination at this time. Malice and intent to harm are alleged. If these are allegations necessary to support the action defendant’s denials are sufficient to put them in issue. If they are not necessary allegations then a defense in regard to them is superfluous. For this reason the defense is stricken.
The remaining defenses concern the contracts whose breach defendant is alleged to have induced. It is pleaded, each in a separate defense, that these contracts are void and unenforcible for lack of mutuality; because vague and uncertain; in restraint of trade; and harsh and unconscionable. The first question presented is whether, assuming that these claimed infirmities would constitute defenses by the other party, they are available to a third party who induces the breach. Of course, if the contract is absolutely void it cannot be breached nor can its so-called breach be induced (Dung v. Parker, 52 N. Y. *344 494). But a contract merely voidable or one that is unenforcible may be performed. A contract may also be valid but terminable by either party. One who induces a party to a contract voidable by or unenforcible against him to avoid it is liable for that act (Rice v. Manley, 66 N. Y. 82). It has been held that one who induces a party to terminate a terminable contract is not (Biber Bros. News Co. v. New York Evening Post, 144 Misc. 405). It may be that the latter is not a logical distinction, but it does not change the proposition to which it may be a valid, even though illogical, exception. The next question is therefore whether these alleged infirmities show the contracts to be void or voidable. As to all except restraint of trade they are clearly voidable only. They are not objections which prevent the contract from coming into being nor are they such as would prevent the other party from enforcing it. Hence they are voidable at the option of one of the parties. The last question is whether the contracts are in restraint of trade or whether a triable issue in that respect is presented. The contracts are for the employment by the plaintiff of certain persons to solicit magazines. "While the answer does not say so the brief makes clear that the portion claimed to be in restraint of trade is a provision that if the contract is terminated prior to its expiration date the employed parties will not be employed by persons in a similar business for the unexpired portion of that contract. It is stated that because of this clause this contract has already been held void in the United States District Court for the Southern District of California (Thompson v. Fish, U. S. Dist. Ct., S. D. Cal., 1957). That is not quite accurate. The holding was that the clause was illegal as contrary to local statute but that it did not render the entire contract illegal. That would be the limit of the holding here. As the breach complained of in the complaint has no connection with the clause in question the presence of that clause confers no immunity on the defendant.
The motion is denied as to the counterclaim and granted as to the defenses.