Matthew M. Levy, J.
The defendant corporations move pursuant to rules 103 and 107 of the Rules of Civil Practice for an order (1) striking from the amended complaint the portions thereof relating to the allegations that the action is representative in character, (2) directing that certain named persons and corporations through designated officers submit to examination in order to enable the moving defendants to frame their counterclaim, and (3) extending the time of the defendants to serve their answer and counterclaim.
In February, 1955 a certain mortgage upon the realty owned by the subject corporation in the sum of $118,000 was entered of record. At the same time a chattel mortgage was given upon the equipment and other chattels located at the mortgaged premises where the corporation conducted its business. The corporation also made a transfer to certain of the defendants of 300 bales of wool waste of the value of upwards of $20,000. Thereafter, in the Municipal Court, the plaintiff obtained a judgment against the corporation in the sum of approximately $1,200. As such judgment creditor and in this representative action, the plaintiff seeks the cancellation of the mortgage on the realty and of the chattel mortgage and also to set aside the transfer of the wool waste. It is alleged in the complaint that no indebtedness in the sum of $118,000 or in any sum existed, that the mortgages and the transfer of the wool waste were made without any consideration whatever and were made at a time when the corporation was insolvent to the knowl *965 edgé of the transferees. It is also alleged by the plaintiff that unsecured creditors of the corporation exist, that they number about 25, that their claims aggregate about $150,000, and that the plaintiff brings this action on behalf of himself and all others similarly situated as creditors of the corporation.
With respect to the relief sought by subdivision 1 of the notice of motion: Initially, the movants attacked the amended complaint upon the theory that the plaintiff had invoked the Debtor and Creditor Law, in which case the action was said to be personal to the plaintiff as a judgment creditor and could not be maintained by way of an alleged representative status. (Cf. Society Milion Athena v. National Bank of Greece, 281 N. Y. 282; Brenner v. Title Guar. & Trust Co., 276 N. Y. 230.) Subsequently, accepting the plaintiff’s position that this suit is in the nature of a creditor’s bill in equity, the defendants urged that they should not be required to answer and to undertake the defense of a representative action where the claim of the plaintiff amounts to $1,200 only, as against the interest of the defendants in the sum of $138,000.
In my view, the contentions of the defendants in this regard are sound. There is no reason why, upon a claim of only $1,200, the substantial transactions complained of should be undone in their entirety, even upon the assumption of their vulnerability. For, if, in the event the plaintiff proves any wrong as a basis for cancellation, the defendants make payment to satisfy the plaintiff’s Municipal Court judgment, or if cancellation be permitted to the extent necessary to pay the judgment secured by the plaintiff in the present action, the plaintiff will have been fully protected and remedied.
On the other hand, and particularly since it is stated in the complaint that other creditors have obtained judgments (the name of at least one has been revealed), the plaintiff should, in my view, be afforded the opportunity accorded in parallel instances in stockholders’ derivative suits (General Corporation Law, § 61-b) to bring the action to the point where it may be considered by the court to be truly representative and derivative in character, taking into consideration the number of claimants and the aggregate amount of their claims as compared to the monetary aggregate of the transactions complained of.
The relief requested in item 1 is, therefore, denied at this time, and the plaintiff will be permitted to continue to maintain the action as is, provided the plaintiff give notice to the defendants from time to time of others who1 desire to become parties-plaintiff, and, at the end of a period of 90 days from the date of the service of a copy of the order to be entered on this motion, *966 with notice of entry, the defendants may renew their application to reduce the action from one which is representative to one on behalf of the plaintiff alone or otherwise, as the court may direct.
With respect to the relief sought by subdivision 2 of the notice of motion: This relates to the proceedings in the Municipal Court resulting in the judgment upon which the plaintiff proceeds in this action, and the proceedings in another action in the Municipal Court in which judgment was entered in favor of another creditor of the subject corporation. Apparently, upon examining the court records of those actions (fully submitted hereon), the defendants have concluded for some unstated reason that the judgments were fraudulent and collusive. The defendants furnish no iota of proof that there was collusion in those actions or that the judgments were obtained by fraud. Based upon their suspicion, the defendants express a desire to set forth a counterclaim in their answer, but they fail to state the nature of their claims, although they hint that they will seek, by such counterclaim, a decree setting aside the judgments. The defendants’ analysis of the Municipal Court documents (upon which their suggestion of collusion and fraud is grounded) is shown by the plaintiff’s response to be wholly fallacious.
Essential to the granting of a motion for an examination to enable a party to frame his pleading is some demonstration that lie has a meritorious cause of action. While such an examination may be had to facilitate the accurate pleading of a known cause of action, it will not be allowed to enable the party to ascertain whether facts exist sufficient to create a cause of action upon which to base his hoped-for claim (Corbin v. Niagara Junc. Ry. Co., 1 A D 2d 753). Whatever the defendants’ right may be to obtain a post-reply pretrial examination in support of a duly and adequately pleaded counterclaim, it is my holding that this submission is utterly bereft of any ground or basis for the granting of an order permitting the taking of depositions to enable the drawing of the counterclaim. Accordingly, the relief requested in item 2 is denied (Rules Civ. Prac., rule 122).
With respect to the relief sought by subdivision 3 of the notice of motion: The application is granted on consent to the extent of enlarging the time of the defendants to answer the amended complaint herein for a period of 10 days after the date of the service of a copy of the order to be entered hereon with notice of entry. Settle order.