RIVIERA CONGRESS ASSOCIATES, a New York Limited Partnership, by MARTIN LEWY et al., Partners, Respondent, *v.* HAROLD YASSKY et al., Individually and as General Partners of MID-MANHATTAN ASSOCIATES, a New York Limited Partnership, et al., Appellants.

First Department, April 19, 1966.

*Myron J. Greene* of counsel (*Millard & Greene,* attorneys), for appellants.

*George H. Schwartz* of counsel (*Harvey M. Sklaver* and *Paul E. Gelbard* with him on the brief; *Harvey M. Sklaver* and *Schwartz, Nathanson & Frank,* attorneys), for respondent.

STEVENS, J. This is an appeal by general partners of Mid-Manhattan Associates, a limited partnership, and the Yassky Corporation from a judgment and order entered July 22, 1965, which awarded summary judgment to plaintiff Riviera Congress Associates on the first cause of action of the complaint. The judgment changed the caption of the action, brought in the name of Riviera Congress Associates to the named five individual plaintiffs suing in a class action on behalf of themselves and other limited partners of Riviera Congress Associates; ordered that Riviera Congress Associates recover from the individual defendants the sum of $475,510.56; adjudged the individual defendants obligated, as tenants under a lease between the Yassky Corporation, to Riviera Congress Associates as landlord for $375,500 per annum commencing August, 1965, to and including September, 1981; similarly adjudged a liability against and direction to the Yassky Corporation to be collected if the judgment against the individuals is not collected, together with such counsel fees to plaintiff as might be fixed by the court after a hearing.

References herein to "plaintiff" refer to the partnership entity prior to the entry of judgment. The term "plaintiffs" refers to the proceedings subsequent to the judgment following the change in the caption to indicate that a derivative action was sought to be maintained.

Defendants appeal also from an order entered August 11, 1965, which denied their motion to vacate the judgment entered July 22, 1965, and to dismiss the complaint.

The individual defendants are the four general partners of Riviera Congress Associates, a limited partnership, and are also the general partners of Mid-Manhattan Associates, a limited partnership.

Riviera Congress Associates (Riviera) was organized about May, 1961, to purchase for investment a fee interest in Riviera Congress Motor Inn, including land, building, equipment and furnishings and to operate the inn through an operating lessee. A prospectus issued to all the investors set forth the highlights and general nature of the offering, the capitalization of the partnership, etc. The agreement of limited partnership, executed by each of the 350 limited partners, recites that each limited partner had received and examined a copy of the prospectus and that he relied solely upon the information contained therein and in the instruments and agreements therein referred to.

The prospectus stated Riviera would lease the property under a net lease to the Yassky Corporation (Yassky) for an initial term of 20 years, but which included renewal options covering a total period of 79 years. The tenant was expressly given a right of assignment, without liability, with the written consent of the general partners, provided the assignee assumed all the obligations of the tenant. The lease to Yassky was executed May 21, 1961, and in September, 1961, Yassky took possession. January, 1962, Yassky assigned the lease and its interest therein to Riviera Corporation of Manhattan, a corporation, which, in September, 1962, assigned the lease to Mid-Manhattan Associates (Mid-Manhattan) a limited partnership of which the four individual defendants were the general partners. Mid-Manhattan subleased the premises back to Riviera Corporation of Manhattan for the term of the lease. March, 1963, Mid-Manhattan assigned the lease to Midmanhattan Hotel Associates, Inc., a corporation.

The complaint contains three causes of action. The first cause is against the four general partners for rent due from Mid-Manhattan, plaintiff alleging the assignment by Mid-Manhattan was not in the interests of Riviera but in the interests of Mid-Manhattan and the general partners, and in violation of the fiduciary duties and obligations owed by the general partners to Riviera, and was without force or effect. The second cause of action seeks the same amount as damages from the individual defendants for breach of fiduciary duty. The third cause is against Yassky and the general partners alleging the general

partners breached a fiduciary duty owed the plaintiff and that they were aided and abetted therein by Yassky. Recovery is sought of all amounts Riviera would have been entitled to receive from Yassky as lease tenant.

Defendants in their answer contended, *inter alia*, Riviera was without legal right or authorization to maintain the action; by the terms of the written agreement of limited partnership the limited partners have no right or authority to act for or bind Riviera; by the terms of such agreement the limited partners were not to interfere with the conduct of the business as to the sale, leasing or refinancing of its assets; the assignment of the lease from Mid-Manhattan to Midmanhattan Hotel Associates, Inc. was with the written consent of the general partners and the assignee assumed all tenant obligations. In the answer reference was made to a prior pending action instituted in the Federal court by the limited partners for rescission of the limited partnership agreement, and to the provision for arbitration contained in such agreement.

By the terms of the limited partnership agreement, the general partners were given the power in their absolute discretion to lease the property. All of the corporate assignors or assignees referred to in the foregoing were comprised of the general partners. These general partners were also the general partners of Mid-Manhattan, the other limited partnership involved in the chain of assignments. All assignments were made in accordance with their written consent and all obligations were met at the time of assignment.

Plaintiff moved for summary judgment on the first cause, and defendants cross-moved for dismissal of such cause. It is from the granting of plaintiff's motion and the judgment entered thereon that the main appeal herein is taken.

An affidavit in support of plaintiff's motion for summary judgment asserts the individual plaintiffs relied on the prospectus in purchasing their limited partnership interests. They contend that when Mid-Manhattan accepted the lease assignment, the general partners, who are also the general partners of Riviera, each became liable for payment of all the rent and all of the obligations under the lease. The gravamen of plaintiff's motion is that the general partners had no right, on behalf of Riviera, to consent to a lease assignment which would relieve them of personal liability and substitute corporate liability; that is, the assignment from Mid-Manhattan to Midmanhattan Hotel Associates, Inc. The court accepted plaintiff's contention that the release of Mid-Manhattan could be treated as a nullity and the individuals held personally liable for the rental since

they were in a fiduciary relationship to all the limited partners. The self-dealing was accepted as conclusive proof of such breach of fiduciary duty.

The court concluded there was no reason why the limited partners suing in the name of Riviera should be compelled thereby to assume the liabilities of a general partner, and granted the five individual plaintiffs leave to amend the caption to plead a class or representative action under CPLR 1005. This was done.

CPLR 1005 permits a class action "Where the question is one of a common or general interest of many persons" or where the parties are so numerous it is impracticable to bring them all before the court.

Generally, "Wrongdoing or improper acts on the part of the general partners may not give the limited partner greater rights than the law or his contract grants him." (*Herrick* v. *Guild,* 257 App. Div. 341, 342–343.) A limited partnership is exclusively a creature of statute (*Lanier* v. *Bowdoin,* 282 N. Y. 32; *Ruzicka* v. *Rager,* 305 N. Y. 190; Partnership Law [Limited Partnership], § 90 *et seq.*), the general purpose being to encourage persons with capital to become partners with those having skill, with a limitation of liability upon the limited partner so that he is not responsible for the general obligations of the partnership. Only his capital is imperiled (*F. A. Bank* v. *Colgate,* 120 N. Y. 381, 396). As between themselves, if there is no legal prohibition to the contrary, partners may make such agreements as they wish with regard to partnership affairs and "If complete, as between the partners, the agreement so made controls" (*Lanier* v. *Bowdoin,* 282 N. Y. 32, 38, *supra*). (See, generally, 68 C. J. S., Partnership [Limited Partnership], § 449 *et seq.*) It should be noted here that the limited partnership agreement and the prospectus relied upon permitted self-dealing. Such a provision is not in and of itself violative of law (cf. *Matter of Balfe,* 245 App. Div. 22; *Matter of Durston,* 297 N. Y. 64; *City Bank Farmers Trust Co.* v. *Cannon,* 291 N. Y. 125, where beneficiary held estopped to object to trustee's actions by reason of actions of donor). The limited partners knew that the general partners, or some of them, effectively controlled Yassky. It does not appear from the record that Mid-Manhattan was in a stronger or weaker financial position than Yassky or even Midmanhattan Hotel Associates, Inc., and thus in a better position to fulfill the obligations of a tenant. It would seem that good faith might also be involved as a question of fact. As between themselves, where a limited partnership agreement exists, the parties cannot assert that their

rights are not governed by such agreement (*Mist Props.* v. *Fitzsimmons Realty Co.*, 228 N. Y. S. 2d 406, 410; 43 N. J. Jur., Partnership, § 270; 68 C. J. S., Partnership, § 469).

Under CPLR 1025 (formerly Civ. Prac. Act, § 222-a) a partnership may sue or be sued in the partnership name. That provision " is designed to make clear that, at least for the purpose of pleading, a partnership is a legal entity (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1025.02). In the case before us we are dealing with a limited partnership. While it has been indicated that such a partnership may be considered an entity for purposes of pleading (see *Ruzicka* v. *Rager,* 305 N. Y. 191, 197–198), the statute provides a limited partner, unless he is also a general partner, " is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership " (Uniform Limited Partnership Act, § 26 [Partnership Law, § 115). When the limited partners instituted suit in the partnership name as an entity, they assumed liability as general partners (see *Executive Hotel Assoc.* v. *Elm Hotel Corp.,* 41 Misc 2d 354; Uniform Limited Partnership Act, § 7 [Partnership Law, § 96]; 68 C. J. S., Partnership, § 487, subd. b, par. [4]; 43 N. Y. Jur., Partnership, § 284). It should be noted that in *Executive Hotel Assoc.* v. *Elm Hotel Corp.* (*supra*) the sole general partner in assigning the sole asset of the limited partnership, the leasehold, violated both the partnership agreement and section 9 of the Uniform Limited Partnership Act. (Partnership Law, § 98.) The asset of the partnership in the present case, the fee interest, remains. It is the operation of and return from, the fee interest, and by whom, which is chiefly involved here. When the limited partners amended the caption of their action to sue as individuals in a class action, rather than as an entity, they insulated themselves from liability as general partners but they thereby came within the limitation and prohibition of section 115, and of their limited partnership agreement. The action could not thereafter be maintained (*Millard* v. *Newmark & Co.,* 24 A D 2d 333). The rights of a limited partner are set forth fully and at length in *Millard* v. *Newmark & Co.* (see particularly, pp. 335–336). The plaintiffs therefore are not without a remedy. (See, also, 43 N. Y. Jur., Partnership, §§ 287, 296.)

By statute a limited partner's interest in the partnership is personal property, and the statute, *inter alia*, gives him a right to a formal accounting whenever circumstances render it just and reasonable. (Uniform Limited Partnership Act, §§ 18, 10 [Partnership Law, §§ 107, 99, subd. (1)].) Undoubtedly

there must be an element of mutual trust and confidence between general partners of a limited partnership. Contrasting views have been expressed as to whether there exist such elements between limited and general partners (cf. *Skolny* v. *Richter,* 139 App. Div. 534, 541; *Union Circulation Co.* v. *Hardel Pubs. Serv.,* 6 Misc 2d 340, 342; *Soffer* v. *Glickman,* 27 Misc 2d 721, 726), but we need not now concern ourselves directly with that issue. The second cause of action, not before us on this appeal, charges a breach of fiduciary duty. The first cause is simply one for claimed rent due. However, we find and determine on and from the record, circumstances sufficiently and clearly established to render a formal account of the partnership affairs just and reasonable. Plaintiffs may properly move, therefore, for such accounting.

The judgment and order entered July 22, 1965, herein appealed from, should be modified on the law to deny summary judgment to all parties, without costs or disbursements, and with leave to plaintiffs to replead for an accounting and to amend the title of the action (cf. *Amperite Corp.* v. *Seedman Co.,* 235 App. Div. 836).

The appeal from the order entered August 11, 1965, should be dismissed, without costs or disbursements, as academic in light of our disposition of the appeal from the judgment.

Botein, P. J., Breitel, McNally and Bastow, JJ., concur.

No. 10020. Order and judgment (one paper) unanimously modified, on the law, so as to deny summary judgment to all parties, without costs or disbursements, and with leave to plaintiffs to replead for an accounting and to amend the title of the action (cf. *Amperite Corp.* v. *Seedman Co.,* 235 App. Div. 836).

No. 10021. Appeal from order, entered on August 11, 1965, unanimously dismissed, without costs and without disbursements, as academic by virtue of the decision of this court on Appeal No. 10020, decided herewith.