■ LEDA GABAY, Respondent, v. ESTHER ROSENBERG, as Executrix of SAUL ROSENBERG, Deceased, Appellant.— In an action for specific performance of a partnership agreement, defendant appeals from a judgment of the Supreme Court, Westchester County, entered September 22, 1965, which, upon an agreed statement of facts, *inter alia* discharged her interest in the partnership assets upon payment to her of $100. Judgment reversed on the law and complaint dismissed, without prejudice. In our opinion, a proper decision requires a more complete statement of the facts. Neither the source of the consideration for the partnership assets, nor the terms of the oral partnership agreement have been disclosed. Details regarding the relationship between the partners and the operation of the partnership might also influence the determination. Upon the stipulation submitted, the facts were insufficient to enable the court properly to determine the controversy (CPLR 3222). Beldock, P. J., Hill and Benjamin, JJ., concur; Ughetta and Rabin, JJ., dissent and vote to affirm the judgment, with the following memorandum by Rabin, J., in which Ughetta, J. concurs: In our opinion, the stipulated facts establish that plaintiff and defendant's testate were copartners in a real estate brokerage business. The partnership agreement was oral, no written articles of copartnership having been entered into. A certificate of doing business as partners was duly filed. On two separate occasions: December 2, 1961 and March 3, 1962 (both dates coinciding with the acquisition by the partnership of two separate parcels of real property), the partners modified their oral partnership agreement by written agreements signed by

each. The latter agreement was witnessed by a notary public. Both agreements had been drafted by decedent, the defendant's testate herein. Both agreements unequivocally stated that upon the death of Saul Rosenberg, defendant's testate, the surviving partner (plaintiff herein) had an option to purchase all of the interest of Saul Rosenberg in the partnership by the payment of $100. to his estate. Plaintiff, the surviving copartner, tendered the $100. to decedent's estate representative, but such tender was rejected. The majority, in reversing the judgment, has concluded that the submitted facts are incomplete and that a more complete statement of facts is necessary. In our opinion, no further facts are necessary to determine the efficacy of the writings before us. The more recent writing of March 3, 1962 was on the letterhead of the decedent, an attorney, and was duly notarized. It read as follows: "In consideration of the sum of $1.00 and other mutual promises exchanged, it is hereby agreed by and between Leda Gabay and Saul Rosenberg co-partners doing business as Homefield Realty, 900 Saw Mill River Road, Yonkers, N. Y., that in the event of the death of Saul Rosenberg, Leda Gabay, the surviving partner shall have the sole right to purchase the full interest in the partnership of Saul Rosenberg for the sum of one hundred dollars $100.00, to be paid to the estate of Saul Rosenberg. Said sum of $100.00 shall be in full payment of all right, title, and interest that Saul Rosenberg may have or has in Homefield Realty." This writing, signed by both parties, provides this court with sufficient facts upon which to determine this action for specific performance of a partnership agreement. Partnership agreements providing for a sale to the surviving partners of the interest of a decedent in partnership assets have long been recognized as enforcible (*Lanier* v. *Bowdoin*, 282 N. Y. 32, 38; *Hermes* v. *Compton*, 260 App. Div. 507; *Warrin* v. *Warrin*, 169 App. Div. 97). Such additional facts as those suggested by the majority, developed by evidence extrinsic to the agreement, would play no part whatever in the determination of the only issue raised by appellant, *i. e.*, whether such agreement was testamentary in nature (*Bethlehem Steel Co.* v. *Turner Constr. Co.*, 2 N Y 2d 456, 460).