Bertram Harnett, J.
This is a motion for the award of counsel fees.
The underlying action was originally commenced by the plaintiff as an individual judgment creditor of a corporation. The original defendants were the corporation, two of its directors, the husband of one of the directors and an attorney. The claims against the attorney and the husband were discontinued and the claims against the corporation and one director were severed and judgment entered on them for .the plaintiff. The claim against the defendant here, the remaining director, was tried before the court and a jury.
At the end of the trial, but before the court’s charge to the jury, the plaintiff moved to amend the caption and pleadings to reflect that the plaintiff is suing here as a judgment creditor of the corporation both for his own benefit and for the benefit of all other creditors similarly situated, alleging misconduct of the director under sections 717, 719 and 720 of the Business Corporation Law. Because the proposed amendment did not in any substantive manner vary the claim asserted by the plaintiff or cause any surprise or"prejudice to the defendant, and in view of the parties to the entire litigation, .and in the inter *233 ests of fairness and justice, the court granted the motion. The ruling could not affect the defendant’s obligation to pay, if any, but only avoid an undue preference to the creditor plaintiff if he were successful. Subsequently, the jury returned a verdict against the director in the amount of $39,023.67 and plaintiff’s attorney made this motion for an allowance of counsel fees.
The action is one analogous to a shareholder’s derivative action (Business Corporation Law, § 626) and it differs from that type of derivative action only in that the plaintiff is a creditor of the corporation rather than a stockholder. Actions like these by creditors are permitted by specific statute. (Business Corporation Law, § 720.) While no authorities specifically dealing with creditor suits were brought to the court’s attention, it should follow from the eases where the plaintiffs were stockholders that a counsel fee to a successful plaintiff who happens to be a creditor is appropriate where a substantial benefit to the corporation has resulted from the action. (Schechtman v. Wolfson, 244 F, 2d 537; Davidson v. Rodnon, 261 App. Div. 902.)
This conclusion is further supported by the recognition that an action by and on behalf of creditors is a class action (Security Trust Co. of Rochester v. Pritchard, 201 App. Div. 142; Brown v. Deposit Nat. Bank, 125 Misc. 247) and in such cases an award of a counsel fee is indicated. (Soffer v. Glickman, 27 Misc 2d 721; Realty Equities Corp. of N. Y. v. Gerosa, 30 Misc 2d 481.)
Accordingly, the court has examined the affidavit of services submitted by counsel for the plaintiff and finds that a reasonable attorney’s fee for the services rendered in securing a judgment against this defendant in favor of the plaintiff and others similarly situated is $3,750, to be recovered from the proceeds of the judgment obtained on behalf of the creditors.