In the Matter of the Estates of SAMUEL ERLICH and JOSEPH ERLICH, Deceased.

Surrogate's Court, Steuben County, April 26, 1933.

*Shults & Shults* [*Townsend & Kindleberger* of counsel], for the claimant.

*John W. Hollis*, for the executors.

WHEELER, S. The Lamson Company, Inc., has filed a claim for damages arising out of an alleged breach of contract against each of these estates. At the time the contract was made Samuel Erlich and Joseph Erlich were engaged as copartners conducting a retail mercantile business in the city of Hornell. Under the contract which the copartners made with the Lamson Company, Inc., and which was dated May 2, 1927, the claimant installed in decedents' store a cash carrier system in accordance with the plan provided for in the contract. The contract was to extend over a period of ten years, and payments were to be made for the use of the system at the rate of thirty-nine dollars per quarter. After the death of the two partners the building in which the system was installed was sold, and the new tenant notified claimant to remove its system, notice being given on or about July 1, 1931. Thereafter claimant did remove the system from the store and the same was scrapped.

Under clause 6 of the contract it is provided in part: " If the user discontinues business in these premises, voluntarily or involun-

tarily, all unpaid amounts to the end of this agreement, or any extension of it, shall without notice or demand by the owner, be at once precipitated, and become due and payable, and in addition thereto the owner may enter the premises forcibly if necessary, take possession of and remove its system, and thereby terminate all rights and interests of the user therein. It is agreed that the user's interest therein shall be valued at a sum equal to twenty percent of the amount of the payments for said unexpired term, and that this amount shall be allowed in deduction of user's obligation therein."

The claim under this contract consists of the following items:

| | | |
|---|---:|---:|
| A charge for the use of the system from June 1, 1931, to September 1, 1931, at the agreed rate mentioned in the contract | | $39 00 |
| Amount due under clause 6 of the contract | $893 96 | |
| Less twenty per cent | 178 79 | |
| | | 715 17 |
| Total claim | | $754 17 |

The question here involved is whether the fixed amount provided for in clause 6 of the contract is to be considered as a valid claim for liquidated damages, or a penalty from which equitable relief should be granted.

It has been held by the courts of this State that when the parties are competent to contract, their intention will be carried out unless the court can see that the stipulated sum, although denominated "liquidated damages," is but a cloak of language to attempt to hide a sum which is out of proportion to, and differs greatly from, the actual damages which would in the ordinary course be suffered. If, however, said sum is not out of proportion to, or does not differ greatly from, the damages which would be suffered in the ordinary course of events, a court of equity cannot say that this sum is a penalty rather than damages as expressly liquidated by the parties to the contract, and there is no right to interfere. (*J. & H. Garage, Inc.*, v. *Flow Corporation*, 225 App. Div. 65.)

As was stated in *Mosler Safe Co.* v. *Maiden Lane Safe Deposit Co.* (199 N. Y. 479): "Parties to contracts have the right to insert any stipulations that may be agreed to; provided that they be neither unconscionable nor contrary to public policy. No rule of law forbids them from agreeing between themselves with respect to the anticipatory damages which shall be occasioned by the failure to complete the contract within the time specified."

In the case at bar the damages are in their nature uncertain

and unascertainable in exactness, but the evidence shows that the property so removed by the claimant has depreciated greatly in value, and it is obvious that the cost of installation has been lost to the claimant.

Under the circumstances of this case the court is of the opinion that the claim represents liquidated damages, and is not a penalty. This clause has been so construed by a number of decisions where the court has had before it the identical language. (*Lamson Company, Inc.,* v. *Elliott-Taylor-Woolfenden Co.,* 25 F. [2d] 4.)

It follows that the claim should be allowed in the amount of $754.17.

Enter decree accordingly.