LEADER-OBSERVER, INC., and Others, Plaintiffs, *v.* STATE ALCOHOLIC BEVERAGE CONTROL BOARD OF NEW YORK and Others, Defendants.

Supreme Court, Albany County, June, 1933.

*Christmann, McKeon & Hess*, for the plaintiffs.

*Edward J. O'Connor, amicus curiæ.*

*Nelson Ruttenberg*, for the defendants.

*Alvah W. Burlingame, amicus curiæ.*

STALEY, J. This action is one for injunction and plaintiffs apply for an order restraining the defendants during its pendency from enforcing the provisions of rules established by the defendant board relating to the manner of publication of notice required to be published by licensees under the Alcoholic Beverage Control Law (Laws of 1933, chap. 180).

Subdivision 5 of section 79 of this law provides: " It shall be the duty of every person procuring a license under this chapter or a renewal thereof to publish a notice, in a form to be prescribed by the state board, to the effect that such license has been issued and stating the name of the licensee and the location of the premises licensed, once a week for two successive weeks in a daily or weekly newspaper printed and published in the county in which such premises are located; provided, however, that in the counties of New York, Kings, Bronx and Queens such notice shall be published in two such newspapers."

The plaintiffs herein are the owners of seventeen weekly newspapers published in the counties of Kings and Queens.

The rule of the defendant board, so far as material here, provides: " Where the licensed premises are located in the counties of New York, Kings, Bronx or Queens, such notice shall be published for two successive weeks in two daily newspapers printed and published in the county in which the licensed premises are located."

The power of the defendant board to make rules is conferred by subdivision 7 of section 17 of the law, which provides that the board shall have the following power and duty: " To adopt rules and regulations for the supervision and regulation of the manufacture and sale of beer throughout the state not inconsistent with law."

Consistency with law is the test which must be applied to the rule-making power of the board on matters within its jurisdiction, as it creates a limitation upon its exercise of that power. Judged by that test the rule of the board, requiring the publication of the notice only in daily newspapers in the counties mentioned, is obviously invalid and is in contravention of the clear provisions of the statute. A rule that requires the publication of the notice only in a daily paper is clearly inconsistent with a law which permits the publication of the notice in a daily or weekly paper.

While the statute may be made workable by rules of the board, it cannot be amended or rights and privileges thereunder cannot be violated or curtailed.

The answer to the contention that the purpose of the rule is to better effectuate publicity as to the persons and places having licenses, commendable as that purpose may be, must necessarily be that the law does not permit such modification of its provisions by the rules of the board.

The defendants challenge the right of the plaintiffs to injunctive relief.

The plaintiffs allege that upon the enactment of the law in April, each of them thereafter expended money in soliciting customers to publish the notice in their respective newspapers, and that a considerable number of persons intending to apply for licenses agreed and promised that they would publish the notice in the newspapers owned and controlled by the plaintiffs and that the enforcement of the rule of the defendant board will prevent such publication and will result in irreparable damage to the plaintiffs.

While no particular newspaper may assert the absolute right to have the notice of any licensee published in it, weekly newspapers in the counties mentioned having contracts and agreements for such publication are obviously damaged by the enforcement of the rule which destroys the execution of their contracts. The mere apprehension of some damage from a wrongful act, which might be injurious, may not be a sufficient basis for the preventive remedy of injunction. Such a remedy becomes a necessity and a right when it is clear upon the facts asserted and not controverted, that, unless granted, the plaintiffs may be irreparably damaged and that they have no remedy at law for the damage sustained. (*People* v. *Canal Board*, 55 N. Y. 390.)

Order may be entered granting the motion for injunction during the pendency of the action, without costs.