In the Matter of the Application of Hugo Sesselberg and Others, Petitioners, for a Prohibition Order against Edward Schoeneck and Others, Members of and Constituting the State Alcoholic Beverage Control Board, Respondents.

Supreme Court, Albany County, December, 1933.

*Herman M. Frank*, for the petitioners.

*Nelson Ruttenberg*, for the respondents.

SCHENCK, J. These petitioners are publishers or owners of weekly newspapers published and distributed in the county of Kings. The rule relating to the publication of notices of the issuance of licenses adopted by the Alcoholic Beverage Control Board, of which these petitioners complain, reads as follows: " Where the licensed premises are located in the counties of New York, Kings, Bronx or Queens, such notice shall be published once a week for two successive weeks in two daily newspapers printed and published in the county in which the licensed premises are located.".

The Alcoholic Beverage Control Law (Laws of 1933, chap. 180; § 79, subd. 5) provides: " It shall be the duty of every person procuring a license under this chapter or a renewal thereof to publish a notice, in a form to be prescribed by the state board, to the effect that such license has been issued and stating the name of the licensee and the location of the premises licensed, once a week for two successive weeks in a daily or weekly newspaper printed and published in the county in which such premises are located; provided, however, that in the counties of New York, Kings, Bronx and Queens, such notice shall be published in two such newspapers."

Thereafter, during an extra session of the Legislature held in August of last year, the Alcoholic Beverage Control Law was amended by chapter 819 of the Laws of 1933, which provided for temporary control of the manufacture, sale and distribution of liquors and wines during what is known as the " interim period," being that period of time elapsing between the date of the repeal of the Eighteenth Amendment and April 1, 1934. Chapter 819 of the Laws of 1933, referred to as the " Liquor Authority," authorizes the Board to adopt rules and regulations and issue orders for the control and regulation of the manufacture, sale and distribution of liquors and wines.

It is contended by the Board that the rules and regulations regarding publication of notices were adopted as an administrative measure and that petitioners have no remedy in prohibition to prohibit an administrative act.

In an action for an injunction brought on before Mr. Justice STALEY at Special Term, a similar situation was presented (*Leader-Observer* v. *State Alcoholic Beverage C. Bd.*, 148 Misc. 757). The learned justice held that the requirement of publication of such notice only in daily papers in certain counties " is obviously invalid and is in contravention of the clear provisions of the statute."

The Appellate Division has recently sustained the Special Term decision (241 App. Div. 637).

It must be conceded that the Board may make reasonable rules and regulations for the purpose of governing the manufacture, sale and distribution of intoxicating liquors, but where the Legislature has specifically provided that publication of notices of the issuance of licenses shall be published in daily or weekly newspapers, the rules or regulations of the Board must conform to the statute. To require publication of such notices only in a daily paper, when the Legislature has clearly provided for either a daily paper or a weekly paper, is entirely inconsistent with the law as it now exists.

The order of prohibition is an extraordinary remedy resorted to in the aid of substantial justice and to forbid the exercise of unauthorized power. It will not ordinarily be resorted to where an adequate legal remedy is available. It is contended that these petitioners have an adequate legal remedy in that in the event that the Board should refuse to accept the affidavit of publication in a weekly newspaper from a licensee, such licensee could institute a mandamus proceeding. Obviously, that remedy is available to the licensee and is not a remedy available to the petitioners.

The petitioners are endeavoring to prevent the exercise of an unauthorized power and are entitled to a prohibition order

Motion granted. Submit order on notice; no costs.