NATHAN H. JURAN, etc., Plaintiff, *v.* TITLE GUARANTEE AND TRUST COMPANY, Defendant.

Supreme Court, New York County, May 11, 1934.

*Albert C. Drucker,* for the plaintiff.

*Milbank, Tweed, Hope & Webb* [*William J. Junkerman* of counsel], for the defendant.

HOFSTADTER, J. The complaint alleges that the defendant issued participation certificates in a $50,000 mortgage executed by the Tinney Estates, Inc., to the defendant as security for the payment of a bonded indebtedness in like amount; that the obligor under the bond has defaulted in the payment of interest; that the payment of the participation certificates is guaranteed by the Bond and Mortgage Guarantee Company which has defaulted on its guaranty and has been taken over for rehabilitation by the Superintendent of Insurance; that a sum of $3,500 has been paid by the obligor under the bond and mortgage, no part of which has been paid to certificate holders as interest or otherwise; that the participation certificates permit the defendant to take any action it deems necessary or desirable in order to enforce any provisions of the bond and mortgage and to protect the mortgage security; that the defendant threatens to foreclose upon the aforementioned mortgage although it is in default in the performance of its agreement to pay interest and although the Bond and Mortgage Guarantee Company has defaulted on its guaranty; that the certificate holders have no adequate remedy at law.

The prayer for relief is twofold: *First*, that the defendant be restrained from foreclosing upon the mortgage and from taking any steps with respect to the mortgage, and *second*, that the sum of $3,500 received on account of the mortgage be equitably distributed among the certificate holders.

The complaint does not state a cause of action and must be dismissed as no reason for the intervention of equity is set forth. An action lies in equity to restrain a threatened act which is likely to result in injury *only* when that act violates a legal right and will cause irreparable damage to a complainant who has no adequate remedy at law to compensate him for the threatened injury. (*Thomas* v. *M. M. P. Union*, 121 N. Y. 45, 52.) "The mere apprehension of some damage from a wrongful act, which might be injurious, may not be a sufficient basis for the preventive remedy of injunction." (*Leader-Observer, Inc.*, v. *State Alcoholic Beverage Control Board*, 148 Misc. 757, 759.)

The existence of these necessary requisites for the intervention of equity must be established by appropriate allegations in the complaint. (*Ehrich* v. *Grant*, 111 App. Div. 196, 198; *Kienle* v. *Gretsche Realty Co.*, 133 id. 391, 394.) Bare allegations that the complainant has no adequate remedy at law or that irreparable injury will follow unless the relief prayed for is granted are conclusions of law and are insufficient unless supported by facts establishing the claim. (*Brass* v. *Rathbone*, 153 N. Y. 435, 442; *Ehrich* v. *Grant, supra.*)

This complaint does not establish that the plaintiff or any other certificate holder similarly situated will suffer any detriment whatever by reason of the intended action of the defendant, and indeed it does not even contain a formal allegation to that effect. It is merely alleged that the defendant, acting under powers admittedly reserved to it, is contemplating the commencement of foreclosure proceedings. Standing alone, this does not establish the necessary irreparable injury to the plaintiff. The nature of this injury is not stated, and the court may not speculate as to the detrimental or beneficial results of such action to certificate holders.

The very case relied upon by the plaintiff to establish the violation of his rights by the intended foreclosure (*Matter of Central Hanover Bank & Trust Co.*, 149 Misc. 488, opinion by Mr. Justice FRANKENTHALER) was a proceeding instituted by the holder of a participation certificate because of the *failure* of the Superintendent of Insurance to institute foreclosure proceedings under similar circumstances.

The allegation as to the receipt of $3,500 from the obligor (presumably by the defendant, though it is not stated) does not confer any equitable jurisdiction. It is not alleged for what purpose the money was received; it is not claimed that the defendant acted wrongfully in respect thereto, and the defendant is solvent and the plaintiff's remedy at law, if any, is adequate. Finally the pleading does not state any facts sufficient to establish the violation of any right of the certificate holders. In the *New York Title & Mortgage Co.* case referred to (*supra*), the court permitted the administration of the mortgage to be taken over by the certificate holders upon the theory that to " permit the conditions of a guaranty to remain while the guaranty itself is unperformed is unthinkable." But in that case the guaranty was executed by the same company which issued the participation certificates and the powers of the company to act with respect to the mortgage were express conditions of the guaranty. In this case the payment is guaranteed by a separate entity whose relationship to the defendant is not disclosed, and no facts are stated indicating that the power to foreclose after default in interest payments by the mortgagor was contingent upon the performance of the covenants of the guaranty. On the state of facts before the court it does not *necessarily* follow that the default of the Bond and Mortgage Guarantee Company deprives this defendant of the power to foreclose upon the mortgage.

Complaint dismissed.