GEORGE BRENNER and Others, Plaintiffs, *v.* TITLE GUARANTEE AND TRUST COMPANY and Another, Defendants.*

Supreme Court, Special Term, Bronx County, January 22, 1936.

*Walter S. Seidman* and *Joseph A. Seidman*, for the plaintiffs.

*Milbank, Tweed, Hope & Webb* [*Anthony A. Goerner* and *Richard S. Holmes* of counsel], for the defendant Title Guarantee and Trust Company.

*Benjamin J. Rabin* [*Joseph J. Corn, Jr.*, and *Joseph L. Andrews* of counsel], for the defendant Mortgage Commission of the State of New York.

HOFSTADTER, J. On the ground that they were induced to purchase mortgage certificates because of the fraudulent representations of the Title Guarantee and Trust Company, the plaintiffs seek to rescind the sale and recover the purchase price paid. In addition to the main cause of action, an injunction is sought against the title company and the Mortgage Commission to restrain them from acting as the agents of the plaintiffs with respect to the mortgaged premises. This resort to equity is apparently for the purpose of maintaining the *status quo* pending a trial of the issues.

The difficulty with the position of the plaintiffs is that the preventive relief sought is not in aid of their right to rescind, but becomes operative only if that right is denied. Obviously, if rescission is ultimately effected, the plaintiffs are in the position of never having been certificate holders and they can have no possible concern with the administration of the security. They are fearful, however, that if they fail to register a dissent to any proposed action of the Mortgage Commission, they will be deemed to have consented; and if they do dissent or oppose, such action will operate as a waiver of their right to rescind. But a defense of waiver and abandonment is a factual defense which is affirmative in nature and dependent for success on the intent of the actor. (*Brennan* v. *National Equitable Investment Co.*, 247 N. Y. 486; *Clark* v. *Kirby*, 243 id. 295, 302.) The plaintiffs are anticipating a possible defense, and their rights in this respect may in any event be completely and adequately protected by adopting the suggestion of the Mortgage Commission and filing a special appearance in any proceeding hereafter to be taken.

The gist of the action is the recovery of a money judgment from a defendant which is solvent and able to respond, and the plaintiffs accordingly have an adequate remedy at law. (*Voehl* v. *Title Guarantee & Trust Co.*, 266 N. Y. 662.) No necessity is established for the intervention of equity in order to afford complete relief (*Schank* v. *Schuckman*, 212 N. Y. 352, 356), and the conclusory allegations in the complaint of irreparable injury and inadequacy of legal remedy are not supported by appropriate allegations of fact. Under these circumstances the complaint states no equitable cause of action. (*Juran* v. *Title Guarantee & Trust Co.*, 151 Misc. 631.) Proof of fraud on the part of the title company is not a sufficient ground for enjoining the Mortgage Commission from exercising powers conferred on it by legislative enactments which have been held to be constitutional. (*Matter of People* [*Westchester Title & Trust Co.*], 268 N. Y. 432; *Matter of People* [*Title & Mortgage Guarantee Co.*], 264 id. 69.)

In view of this determination, it is not pertinent that section 258 of the Civil Practice Act in its present form permits of the joinder of inconsistent causes of action in a single complaint and that the mere commencement of an action to rescind, in contradistinction to an already executed rescission, is not necessarily a binding and irrevocable election to waive all other remedies. (*Epp* v. *Title Guarantee & Trust Co.*, N. Y. L. J. Dec. 31, 1935, p. 2680, Miller, J. Cf. *Dickler* v. *National City Bank*, Id. Oct. 26, 1935, p. 1505, Cohn, J.)

Accordingly, the motion is granted to the extent of dismissing the complaint, with leave to the plaintiffs to replead, setting forth a cause of action at law. Settle order.