## First Department, June, 1936.

George Brenner, Ida Davis and Herman Heitmeyer, for Themselves and on Behalf of All Other Holders of Guaranteed Mortgage Certificates Issued and Executed by the Defendant Title Guarantee and Trust Company, Purporting to Assign Undivided Shares and Interest in the Bonds and Mortgages Hereinafter Mentioned, Held by Said Defendant, Who are Similarly Situated, and Who Shall Come in and Contribute to the Expense of This Action, Appellants, v. Title Guarantee and Trust Company and Mortgage Commission of the State of New York, Respondents.

Judgment and orders affirmed, with costs, with leave to the plaintiffs to serve an amended complaint setting forth a cause of action at law as against the defendant Title Guarantee and Trust Company within twenty days after service of order upon payment of said costs. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.; Martin, P. J., dissents and votes to reverse and deny. [159 Misc. 848.]

Martin, P. J. (dissenting). The plaintiffs sue for themselves and others, holders of guaranteed mortgage certificates issued by the Title Guarantee and Trust Company, who will come in, to rescind investments in certain mortgage certificates alleged to have been made on their behalf by said corporation, and to recover the amounts so invested. Among other things, it is alleged in effect that the

Title Guarantee and Trust Company undertook to act as the investing agent of the plaintiffs and others and in that capacity to select a mortgage security of prime investment character upon property worth at least fifty per cent over the amount of the mortgage to be reinforced by an unconditional guarantee by the Bond and Mortgage Guarantee Company of the payment of principal and interest; that the Trust Company selected as plaintiffs' security the Standish Arms Hotel and assigned to each plaintiff an undivided share in a bond and mortgage secured by said property. The respective shares were represented by certificates under which the Trust Company undertook to act as depository and agent for each plaintiff and every holder of a certificate, to receive and distribute payments of principal and interest received from said bond and mortgage.

The complaint alleges that instead of one mortgage against the property as represented, there were in fact three mortgages; that the Trust Company knew that the mortgaged property was inadequate security, and otherwise not as represented, and knew that the Bond and Mortgage Guarantee Company, guarantor of payment of the mortgage, was not financially responsible. It is further alleged that the Trust Company did not intend to perform its promises; that it did not apply payments received as provided by the terms of the certificates; that it came into possession and assumed the management of the hotel premises acting or assuming to act as agents of the plaintiffs and every certificate holder and agreed with the Mortgage Commission that the latter take possession of the property as managing agent. It is further alleged that as part of a scheme to defraud the plaintiffs the Trust Company and the Mortgage Commission agreed to and did commence an action to foreclose the mortgage, claiming to be agents of the plaintiffs and other certificate-holders. It is further alleged that the subject-matter of the action is of common interest to all holders of mortgage certificates, that the right to relief arises out of the same transaction or series of transactions, and that common questions of law and fact will arise as to all of the certificate-holders who may join plaintiffs in the action. The plaintiffs demand that the defendants be enjoined from acting as their agents; that the Mortgage Commission be restrained from promulgating any plan of reorganization affecting the rights of the plaintiffs or from otherwise performing its legal functions in respect to the property; that the certificates be annulled and that the defendant Trust Company repay to the plaintiffs the amounts received in connection therewith with interest and costs.

In so far as the defendant Title Guarantee and Trust Company is concerned, the court erroneously held that the plaintiffs should be limited to an action at law against it. The plaintiffs cannot be compelled to adopt that theory. They are not suing on rescission, but for rescission. Upon that theory, and also because the action is a representative action, in order to avoid a multiplicity of suits on behalf of holders of certificates injured by an alleged common fraudulent scheme on the part of the Trust Company, it may be brought in equity. The precise relief to which the plaintiffs are entitled should be left to the trial for determination. As was said in *Bradley* v. *Bradley* (165 N. Y. 183, 187): " The deceit was single in act and utterance, but joint in operation and effect. * * * The wrong of the defendant destroyed their unity of action as owners of the stock, and it is agreeable to equity that the plaintiffs should be extricated together * * * in rescinding the sale and in reinstating themselves in their former position."

In addition, this motion is based solely on the pleading and admits the allegations of fiduciary relations between the Trust Company and the plaintiffs. In such case the court will not inquire whether there is an adequate remedy at law. The case of *Voehl* v. *Title Guarantee & Trust Co.* (155 Misc. 697, affd., 242 App. Div. 762; affd., 266 N. Y. 662) relied upon by the court at Special Term, in which case the complaint was dismissed because the plaintiff had an adequate remedy at law, was brought on rescission and not for rescission. It was a simple action to recover the purchase price of mortgage certificates because of a false warranty, and involved none of the features peculiar to this action. The complaint in that case, moreover, was held defective for failing to allege a tender back of the certificates in question.

It was, therefore, error to limit the plaintiffs in the case at bar to a cause of action at law against the Title Guarantee and Trust Company.

In so far as the order dismisses the complaint against the Mortgage Commission, it would seem to be erroneous since the Mortgage Commission is directly interested in the property involved. It is, therefore, a proper party to the action in order that it may be bound by any judgment therein, even though no direct relief against it may be granted. Apparently the court considered that the action was preliminary to a motion for an injunction against the Mortgage Commission. Assuming that to be the case, and assuming further that the plaintiffs have demanded in the complaint relief against the Mortgage Commission to which they are not entitled, that fact does not call for the dismissal of the complaint against the Commission. In *New Era Electric Range Co.* v. *Serrell* (252 N. Y. 107), in reversing a judgment dismissing the complaint against the defendants other than Serrell, the court said: " So far we have considered only the sufficiency of the complaint against Lemuel W. Serrell. It is not clear that the complaint alleges a complete cause of action against some of the other defendants. The complaint does, however, state that such defendants ' claim interest in said patent and device, the nature and details of which has not been disclosed to the plaintiff.' These defendants are, therefore, proper parties to an equitable action."

The only question that should be considered at the present time is whether the Mortgage Commission is a proper party to the action. In *American Tri-Ergon Corp.* v. *Ton-Bild Syndikat* (241 App. Div. 110, 113) the court said:

" We do not decide that question (as to liability of defendants) at this time because the allegations of the complaint are such, and the relief demanded against other defendants is such, that the moving defendants are necessary, or at least proper parties to the action. * * *

" The complaint, therefore, should not have been dismissed as to them, even though the plaintiffs may not show themselves to be entitled to any affirmative relief as to them."

The judgment and orders should be reversed and the motion to dismiss the complaint denied, with leave to the defendants to answer.