Burton B. Roberts, J.
Defendants are seven major oil companies, Texaco, Inc., Shell Oil Company, Exxon Corporation, Gulf Oil Corporation, Sun Oil Company, Amoco Oil Company and Mobil Oil Corporation. They were indicted July 1, 1974 on a charge that they participated in an arrangement in restraint of trade and competition as a criminal violation of the Donnelly Antitrust Act (General Business Law, § 340 et seq.). Pursuant to this motion to dismiss the indictment, the court has read the Grand Jury minutes to examine the sufficiency of the Attorney-General’s instructions on the law. I conclude that the Grand Jury was properly advised of the necessity for finding "an agreement, tacit or express” (Theatre Enterprises v Paramount, 346 US 537, 540) under the Donnelly Act, which is modeled after the Sherman Antitrust Act (US Code, tit 15, § 1 et seq.) (see, e.g., Matter of Aimcee Wholesale Corp. [Tomar Prods.], 21 NY2d 621, 626; State v Mobil Oil Corp., 45 AD2d 701).
The only issue raised by defendants’ moving papers which merits discussion is their claim that this criminal prosecution is barred by an "election of remedies” owing to the prior commencement against them of a civil penalty action, subsequently discontinued, for the same arrangement alleged in the instant indictment. It appears that on November 23, 1973, the Attorney-General filed a civil complaint against the defendants for alleged antitrust violations, including various causes of action against them jointly and individually for both injunctive relief (General Business Law, § 342) and civil penalties. One such cause of action sought a civil penalty against these defendants for acts which, the Attorney-General has conceded in oral argument, are indistinguishable from those which later became the subject of the instant indictment. This cause of *700 action, however, was voluntarily discontinued on December 16, 1974, after the indictment was filed.
The basis for the defendants’ assertion that the commencement of the discontinued cause of action constitutes an election of remedies rests upon the statute creating the civil penalty, section 342-a of the General Business Law, which provides as follows: "In lieu of any penalty otherwise prescribed for a violation of a provision of this article and in addition to an action pursuant to section three hundred forty-two of this article, the attorney-general may bring an action in the name and in behalf of the people of the state against any person, trustee, director, manager or other officer or agent of a corporation, or against a corporation, foreign or domestic, to recover a penalty in the sum specified in section three hundred forty-one of this article for the doing in this state of any act herein declared to be illegal, or any act in, toward or for the making or consummation of any contract, agreement, arrangement or combination herein prohibited, wherever the same may have been made. The action must be brought within three years after the commission of the act upon which it is based.”
In support of their contention, defendants cite the legislative history of this provision, which indicates that one year after the civil penalty action was added to the criminal and injunctive forms of relief theretofore existing, the phrase "in lieu of’ replaced the phrase "in addition to” in the opening sentence of the section (L 1962, ch 275, amdg L 1961, ch 749) to meet the Governor’s concern, expressed in a memorandum upon passage of the original bill, that "the Attorney-General could commence not only an action to recover the civil penalty but also a criminal prosecution for the same violation” (Governor’s Memorandum on Bill Approved, NY Legis Annual, 1961, p 469). (See NY Legis Annual, 1962, p 24.) Placing hard emphasis on the use of the word "commence” in the memorandum, defendants maintain that the Attorney-General made an irrevocable election when he included the civil cause of action in his complaint, notwithstanding its subsequent voluntary discontinuance.
An obvious flaw in this argument is that it seizes upon wording in the Governor’s memorandum as if that is the statutory language while it ignores the unambiguous terminology of the law itself. A reading of section 342-a leaves no doubt that it forbids double recovery of both civil and criminal *701 penalties for the same violation. A logical extension of the foregoing is that both civil and criminal actions could not be simultaneously maintained and the Attorney-General could be compelled to elect between them. This is what has effectively been done in this case. The defendants’ claim here, however, is that this statute contemplates the mere commencement of a civil cause of action as an act constituting irrevocable election and barring any criminal prosecution for the same conduct. The law itself does not so provide, although it would have been a simple matter for it to so state had that been the legislative intent. To the contrary, by providing that the civil action is in lieu of any penalty the statute clearly implies that nothing short of the imposition of a judgment in the first action forecloses any action commenced thereafter.*
This interpretation, it should be noted, is in accord with case law holding that an election of remedies does not occur upon the mere commencement of an action which is subsequently amended or discontinued. (See, e.g., Strong v Reeves, 280 App Div 301, 305, affd 306 NY 666; Hill v McKinley, 254 App Div 283, 286; Riviera Congress Assoc. v Yassky, 48 Misc 2d 282, 295, mod on other grounds 25 AD2d 291; Brenner v Title Guar. Trust Co., 159 Misc 848, 850, affd 248 App Div 682.)
Noteworthy as well are some general tenets of the doctrine of election of remedies which also militate against defendants’ claim. The doctrine, it has been held, "is a harsh one and should not be extended” (Smith v Kirkpatrick, 305 NY 66, 74). This "harsh and arbitrary principle”, it has been further held, is "designed only to prevent vexatious litigation * * * [and] should be applied only when there has clearly been an irrevocable election” (Strong v Reeves, 280 App Div 301, 305, supra). There is no claim before me of any actual "vexation” caused by the filing and withdrawal of the cause of action in the civil case. There is no assertion, for example, of any harrassment or of any action taken in reliance upon the civil nature of the withdrawn cause which might afford the Attorney-General some advantage in the prosecution of the instant indictment. Absent such a showing, the doctrine "ought not to furnish protection for a wrongful act” (see Clark v Kirby, 243 NY 295, *702 303). (Also see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C3002:3, p 525.)
Requiring more than mere commencement of an action to constitute an election is also consistent with affording the Attorney-General and the Grand Jury the investigative discretion and flexibility necessary to adequately protect the public interest. Suppose, for example, the Attorney-General merely commences a civil action under section 342-a against two companies who appear to be minor violators but who are then discovered to be participants in an overall scheme which is more culpable, or which involves additional companies and individuals, or which is more widespread or of longer duration. Under defendants’ interpretation of section 342-a, the mere commencement of such civil action would be tantamount to a windfall grant of immunity to the defendants in the civil suit and would create a myriad of separate trials.
In sum, then, defendants request this court to determine that the Legislature intended to severely limit prosecutorial discretion and also intended to abrogate the strong policy against the election of remedies. They ask the court to so hold in the absence of a clear statutory pronouncement to that effect and in the face of wording in the statute in question that clearly implies no such legislative intent. Obviously I cannot do so.
For the foregoing reasons, defendants’ motion to dismiss the indictment is, in all respects, denied.
The Clerk of the Court is directed to forward a copy of this decision and order to the Attorney-General and to the attorneys for the defendants.

 Perhaps the most difficult question, to wit, whether the Attorney-General could institute a civil action after judgment in an unsuccessful criminal prosecution for the same violation (or vice versa) is not before me.