OPINION OF THE COURT
Joseph DiFede, J.
The Attorney-General, pursuant to section 347 of the General Business Law, has presented evidence to the Grand Jury in this county which returned two indictments based on violations of the Donnelly Act (General Business Law, § 340 et seq.), the first, against all named defendants covering a period from 1967 to April 1, 1981, and the second against three defendants covering a period from April 1, 1981 through June, 1981.
Both of these actions have been assigned to me for trial. Omnibus motions made by all defendants seeking multiple forms of procedural and substantive relief as well as motions by certain defendants seeking specific forms of relief have also been referred to me for decision. Briefs and exhibits have been served and presented by attorneys representing all parties involved.
The court directed all parties to appear on February 25 and March 23, 1982, when all who chose to do so were given an opportunity to argue the issues presented in such motions.
It was stressed by the defendants in their briefs as well as in the oral argument made that subsequent to the filing of the two indictments herein, the Attorney-General had *575 filed suit by complaint, dated December 4, 1981, in the United States District Court for the Southern District of New York (Docket No. 81 Civil 1981), on behalf of “the State of New York” as plaintiff against all of the named defendants in the two indictments before me as well as the defendants named in indictments similar in substance, but differing in time and factual circumstances, in Kings and Queens Counties. The Federal civil action seeks, inter alla, injunctive relief, civil penalties, monetary relief including treble damages and alleges, in addition to remedies available under Federal statutes, the acts charged to be “in violation of Section 340 of the New York General Business Law and the common law of the State of New York”. In paragraph “D” of the prayer for relief therein the plaintiff therein prays that: “D. Judgment be entered against each individual defendant for a penalty of $100,000 and against each defendant corporation for a penalty of $1,000,000 for each violation, in accordance with Section 342-a of the New York General Business Law.”
Thus the Attorney-General has specifically brought criminal and civil actions seeking precisely the same monetary penalties.
Particular stress and focus has been made and directed by the movants to the claim that section 342-a of the General Business Law is in essence a statute which mandates an election of remedies, thus limiting the Attorney-General to prosecuting a criminal action or a civil action for the recovery of monetary penalties under the Donnelly Act. Defendants therefore argue that both actions may not be maintained simultaneously.
It is manifestly clear from the allegations set forth in the Federal court complaint and from the indictments herein and from reading the Grand Jury minutes in support thereof that the violative acts ascribed to the defendants before me are substantially the same in both the Federal civil and the criminal actions.
The argument in support of defendants’ position of a statutorily mandated election of remedies is rooted in that section’s introductory phrase, “In lieu of”. The argument urged provides much support for the conclusion sought.
*576 The text of section 342-a provides as follows: “In lieu of any penalty otherwise prescribed for a violation of a provision of this article and in addition to an action pursuant to section three hundred forty-two of this article, the attorney-general may bring an action in the name and in behalf of the people of the state against any person, trustee, director, manager or other officer or agent of a corporation, or against a corporation, foreign or domestic, to recover a penalty in the sum specified in section three hundred forty-one of this article for the doing in this state of any act herein declared to be illegal, or any act in, toward or for the making or consummation of any contract, agreement, arrangement or combination herein prohibited, wherever the same may have been made. The action must be brought within three years after the commission of the act upon which it is based. Added L.1961, c. 749; amended L.1962, c. 275, eff. April 4, 1962.”
Whereas section 340 of the General Business Law prescribes the public policy and the acts and conduct which may constitute a violation of that policy, section 341 of the General Business Law sets forth the criminal penalties to which a corporation defendant and an individual may be exposed for violation of the substantive statute. Section 341 of the General Business Law provides as follows: “Every person or corporation, or any officer or agent thereof, who shall make or attempt to make or enter into any such contract, agreement, arrangement or combination or who within this state shall do any act pursuant thereto, or in, toward or for the consummation thereof, wherever the same may have been made, is guilty of a class E felony, and on conviction thereof shall, if a natural person be punished by a fine not exceeding one hundred thousand dollars, or by imprisonment for not longer than four years, or by both such fine and imprisonment; and if a corporation, by a fine of not exceeding one million dollars. An indictment or information based on a violation of any of the provisions of this section must be found within three years after its commission. No criminal proceeding barred by prior limitation shall be revived by this act. As amended L.1975, c. 333, § 2.”
*577 As is apparent, section 341 makes no reference to an action for civil monetary penalties. This subject appears in the cited section 342-a where it is introduced into the statutory scheme of article 22 of the General Business Law by the phrase, “In lieu of any penalty prescribed for a violation of a provision of this article * * * the attorney-general may bring an action * * * to recover a penalty in the sum specified in section three hundred forty-one”.
It is sufficiently clear from a fair reading of the statute, that the phrase “[i]n lieu of” as used therein means that either a civil action for the monetary penalties of section 341 may be maintained or a criminal action for such penalties and/or imprisonment may be maintained. The 1961 enactment, section 342-a (L 1961, ch 749; emphasis added), added the right to recovery of a civil penalty by the Attorney-General in its original phrasing: “In addition to any penalty otherwise prescribed for a violation of * * * this article and in lieu of an action pursuant to section three hundred forty-two of this article [an injunction]”, but the 1962 amendment thereto (L 1962, ch 275; emphasis added), inverted the italicized phrases, to read in their present form: “In lieu of any penalty otherwise prescribed for a violation of a provision of this article and in addition to an action pursuant to section three hundred forty-two of this article, the attorney-general may bring an action * * * to recover a penalty in the sum specified in section three hundred forty-one of this article for the doing in this state of any act herein declared to be illegal”.
The message of then Governor Nelson Rockefeller in approving the 1961 enactment (which employed the words, “[i]n addition to”), noted the assurance of then Attorney-General Lefkowitz in supporting the bill, that he did not construe the bill as authorizing the recovery of both civil and criminal penalties (NY Legis Ann, 1961, p 469). Nevertheless, the 1962 amendment does further persuade that such construction should be given to the statute.
Prior cases do not provide definitive precedent to the resolution of the issue raised herein of the pendency of separate actions seeking criminal and civil penalties in contravention of section 342-a of the General Business Law.
*578 For example, in People v Texaco, Inc. (82 Misc 2d 698), the court therein held that nothing short of the imposition of a judgment in an action forecloses any action commenced. In Texaco, a prior civil action was commenced and discontinued prior to the commencement of the criminal action. Such a situation is not present herein.
The holding in State of New York v Milk Handlers & Processors Assn. (52 Misc 2d 658), comes closer to the instant case. The court there held that while bringing a civil and a criminal action is not per se forbidden, bringing one to conclusion bars commencing the other thereafter.
In the instant case, both civil and criminal actions, seeking the same penalties provided by section 341 of the General Business Law, have been simultaneously commenced and continue to be aggressively litigated. Such procedure directly contravenes the directive of section 342-a of the General Business Law that the pursuit of civil penalty shall be “[i]n lieu of any penalty * * * prescribed for a violation of * * * this article”.
The quoted words restrict and limit the Attorney-General to the pursuit of either criminal penalties under section 341 (which are imprisonment and/or monetary penalties in specified sums) or civil penalties, which are coincidentally in the same sums as the criminal monetary penalties. It is clear that both actions may not be simultaneously maintained.
The Attorney-General argues that the State would not pursue to judgment the claims for imposition of monetary penalties in both pending criminal and civil actions. But such assertion does not suffice to comply with the standards mandated by the statute. In a larger sense it does not suffice to insulate the defendants faced with serious criminal penalties from the possibility that at some point in the proceedings an election may be made to proceed with one suit and not the other.
The interests of justice manifestly require that such election be made at this time so that the defendants may defend that action which is intended to proceed to judgment and none other. It would constitute the extreme of prejudice to expect an accused to defend criminal and civil *579 actions seeking the same result, but each bearing a different burden of proof — one exposing the accused to imprisonment and substantial monetary penalty and the other seeking the same monetary penalty but which concededly could not be doubly collected by judgment. The decision to pursue the actions herein to judgment must not remain the subject of whim, caprice or last-minute unilateral choice at a time in the proceedings when the modes of criminal versus civil action defense might not be as effectively planned or, become thwarted, or where the exercise of the constitutional privileges against self incrimination may be required to be exercised in civil discovery proceedings or in the very civil trial itself because of the pendency of the criminal action. The simultaneous prosecution of the two forms of action thus could have a chilling effect on the ability of the defendants to defend either action.
Accordingly, the observations and conclusions made herein impel the court to direct the Attorney-General to make an election on the record to discontinue the two indictments herein on or before April 30, 1981, or to discontinue the “Second Claim For Relief” set forth in the second amended complaint, section 9 of the Federal civil action (Docket No. 81 Civil 1981), in paragraphs “97” and “98” and paragraph “D” of the “Prayer For Relief”. If such election is not made as directed, the court sua sponte intends to enter an order dismissing both indictments on the ground that they are pending in contravention of the provisions of section 342-a of the General Business Law.
Determination of the motions made, other than the decision herein, is held in abeyance pending the action of the Attorney-General as directed.