[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON HEARING IN DAMAGES
CT Page 5060
The plaintiff commenced this civil action seeking money damages for unpaid rent and attorney's fees pursuant to a written lease for a commercial premises. The defendants have defaulted. The plaintiff's submitted an affidavit of debt claiming $11,206.00 in unpaid rent. The plaintiff submitted an affidavit of attorney's fees, a contingency fee agreement, a copy of the lease and supporting memorandum seeking attorney's fees of $3,735.33. This claim is one third of the $11,206.00 damage claim and is consistent with the written contingency fee agreement entered into by the plaintiffs and their counsel of record.
The issue in this hearing in damages is whether the lease authorized the plaintiffs' claim for attorney's fee. The court is of the opinion that it does not.
DISCUSSION OF LAW
The plaintiff and defendant entered into a fourteen page written lease on December 19, 1988. The defendants have failed to pay rent pursuant to the lease and are in default in the terms of the lease. The defendants owe the plaintiffs $11,206.00 in unpaid rent.
The plaintiff's base their claim of attorney's fees upon the following clause of the lease;
 "And the Lessee's shall indemnify the Lessors against and save them harmless from any and all liability, fines, penalties, damages and costs, including attorney's fees by reason of Lessees' violation of, or non-compliance with, any laws, ordinances, rules, regulations, or directions which now or hereafter may be enacted, made or issued by any Federal, state, county, municipal, Town or other governmental I authority, or any department, board or bureau or officer thereof, or similar body, or by reason of any act, omission or default or violation of any term of this lease on the part of the Lessees or the Lessees employees or agents."
"The general rule of law known as the `American rule' is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exemption." Alyeska Pipeline Service Co. v. Wilderness Society,421 U.S. 240, 247, 95 S.Ct. 1612,44 L.Ed.2d 141 (1975).20 Am.Jur. 2nd Costs § 72; Brookfield v. Candlewood ShoresEstates, Inc., 201 Conn. 1,14 (1986). CT Page 5061
The plaintiff agrees that there is no statute authorizing attorney's fees in this matter but claims an award of attorney's fees is supported by a specific contract term. Storm Associates, Inc. v.Baumgold, 186 Conn. 237, 245 (1982). "A contract may provide for the payment of attorneys' fees by a defaulting party, but those fees are recoverable solely as a contract right not as damages." LittonIndustries Credit Corporation v. Catanuto, 175 Conn. 69, 76 (1978). The phrase in a real estate listing contract "the undersigned owners covenant and agree to pay and be responsible for all costs, disbursements and attorney's fees incurred in any action to collect any commission earned pursuant to the above" was held by the Supreme Court to support a contract claim for attorney's fees. Storm Associates,Inc. v. Baumgold, supra 245.
"The event of default, the lessee is liable for expenses of collection, including reasonable attorney's fees," is such a clause permitting the court to award contract attorney's fees. LittonIndustries Credit Corp. v. Catanuto, supra 76. In Litton the contract permitted the repossession of an X-ray machine and thereafter liquidated damages "of all prior payments of rent". In this post repossession damage claim the court disallowed attorney's fees since the lawsuit was an effort to collect additional damages to which it was not entitled to under the terms of the contract. Litton Industries CreditCorp. v. Catanuto, supra 76. It therefore appears that contract clauses of attorney's fees will be strictly construed. To declare otherwise would permit attorney's fees to be a form of unenforceable penalty. Litton,
supra 74. Norwalk Door Closer Co. v. Eagle Lock and Screw Co.,153 Conn. 681, 689 (1966) Vines v. Orchard Hills, Inc., 181 Conn. 501, 511
(1980).
The language of the lease clause under which the plaintiff is suing uses the phrase "shall indemnify the Lessors against and save them harmless." This is the classic language of an indemnity agreement.Link v. Shelton, 186 Conn. 623, 632 (1982); State v. BloomfieldConstruction Co., 126 Conn. 349, 359 (1940). The general rule as to the award of attorney's fees to enforce a contractual indemnity is that "in the absence of express contractual terms to the contrary, allowance of fees is limited to the defense of the claim which was indemnified and does not extend to services rendered in establishing the right to indemnification. Burr v. Lichtenheim, 190 Conn. 351, 363 (1983);Marsh, Day and Calhoun v. Solomon 204 Conn. 639, 652 (1987).
CONCLUSION CT Page 5062
The lease clause does not explicitly state that the lessor shall be entitled to collect attorney's fees in the event of the lessee's default. Under the Litton rule, contract claims for attorney's fees must be based on a strict interpretation of the contract language. In drafting this lease the plaintiff did not include such specific language. It would have been easy for the lease to contain a phrase "upon default tenant shall pay attorney's fees to landlord incurred by reason of that default." Having failed to do so, the plaintiff cannot recover.
As an alternative the plaintiffs claim that the language of the lease relating to indemnity must permit attorney's fees. Under the clause as written, if the tenant defaulted in the terms of the lease and a third party made a claim against the landlord as a result thereof, the landlord would be entitled to sue the tenant for the attorney's fees incurred by the landlord to defend that third party claim. On the other hand the landlord would not be able to sue the tenant for the resulting attorney's fees incurred by the landlord in collecting the indemnity as against the tenant since the indemnity language did not contain "express contractual terms."
The attorney's fees being sought in this case are likened to the attorney's fees incurred in pursuing its right to indemnification. Such a claim is not permitted in Connecticut without express contract terms.Alpha Crane Services Inc. v. Capitol Crane Co., 6 Conn. App. 60, 79
(1986).
Judgment will enter for the plaintiff's as against the defendants in the amount of $11,206.00 as per the affidavit of debt plus costs. No attorney's fees are awarded since the contract contained no provision for attorney's fees to enforce the collection of unpaid rent in default.
BY THE COURT,
KEVIN TIERNEY, JUDGE