[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant has moved to strike the Fourth Count and the Sixth Count of the complaint and the portion of the prayer for relief, which claims "common law exemplary damages and attorneys' fees", for failure to state a claim on which relief can be granted.
The complaint in this case alleges that the defendant attorney represented the plaintiff in her divorce proceedings. It further alleges that the only asset sought by the plaintiff in those proceedings was the marital home, which was encumbered by a CT Page 168-O mortgage securing a home equity line of credit. The complaint alleges that the defendant failed to take any action to "put a hold on" the line of credit pending the divorce proceedings, failed to review the financial affidavit of her husband, which showed a balance on the line of credit which was some $12,000 higher than the balance which the plaintiff believed existed, and failed to confirm the balance of the home equity line of credit with the bank or advise the bank of the terms of the divorce decree.
The complaint is certainly not a model of clarity. The first three counts of the complaint apparently attempt to allege causes of action for negligence, but the complaint fails to use that term, fails to identify the specific act or acts which constituted negligence and fails to make reference to any standard of care for an attorney.
The Fourth Count states that the plaintiff filed a complaint against the defendant with the Grievance Committee of the Connecticut Bar, the defendant was reprimanded, and seeks costs and damages for the filing of the foregoing complaint. A violation of the Rules of Professional Conduct does not create a private action by a client against his or her attorney. Noble v.Marshall, 23 Conn. App. 227, 231, 579 A.2d 594 (1990). The Court in Marsh, Day Calhoun v. Solomon, 204 Conn. 639, 652
CT Page 168-P529 A.2d 702 (1987) stated:
 The general rule of law known as the "American rule" is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. See Alyeska Pipeline Serve Co. v. Wilderness Society, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); Fleischmann Distilling Corporation v. Maier Brewing Co., 386 U.S. 714, 717, 87 S.Ct. 1404, 18 L.Ed.2d 475
(1967). This rule is generally followed throughout the country. See 20 Am.Jur.2d, Costs 72. Connecticut adheres to the American rule. See, e.g., Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1, 14, 513 A.2d 1218 (1986); Gino's Pizza of East Hartford, Inc. v. Kaplan, 193 Conn. 135, 140, 475 A.2d 305 (1984); Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 280, 297, 472 A.2d 306 (1984); Litton Industries Credit Corporation v. Catanuto, 175 Conn. 69, 75, 394 A.2d 191 (1978); Central New Haven Development Corporation v. Potpourri, Inc., 39 Conn. Sup. 132, 134, 471 A.2d 681 (1983). The only exceptions are a specific contractual term; see, e.g., Storm Associates, Inc. v. Baumgold, 186 Conn. 237, 245, 440 A.2d 306 (1982); or a statute. See, e.g., General Statutes 52-240a (attorney's fees may be awarded in a products liability action).
Under the foregoing rule, a party is not entitled to recover for costs or fees incurred in bringing an action absent a contract, or statute providing for such recovery. The complaint alleges no CT Page 168-Q such contract or statute. The Motion to Strike the Fourth Count is granted.
The Fifth Count alleges that the defendant agreed to pay the plaintiff $13,000 in settlement of "the matter." The Sixth Count alleges that the defendant reneged on the settlement agreement alleged in the Fifth Count and convinced the Plaintiff to file a motion to reopen the divorce judgment on the grounds of fraud by the husband, that the court refused to reopen the judgment and:
 The entire process of bringing the Motion [to Reopen] was extremely stressful emotionally for Plaintiff, and precludes Plaintiff from receiving any compensation from her former husband for her injuries.
What the plaintiff asserts in the language set forth above is unclear. She appears to seek damages for the process of having filed the Motion to Reopen. rather than for any alleged negligence by the defendant. Her Memorandum in Opposition to Motion to Strike only serves to further confuse the issue:
 In addition. the Sixth Count is unfairly characterized by Defendant. Defendant, acting in a fiduciary role, convinced Plaintiff to appeal, and then lost it, thereby making it impossible to later get any judicial relief from the former husband.
The "judicial relief" which the plaintiff claims she cannot CT Page 168-R obtain from her former husband is, presumably, the amounts he drew on the home equity loan, which increased the mortgage on the real estate conveyed to the plaintiff as part of the divorce. The first three counts seem to allege that the defendant's negligence prevented the plaintiff from obtaining the equity in the marital property which she thought she was obtaining. The Sixth Count, therefore, either seeks damages for the process of having filed a Motion within a lawsuit, which is not a cognizable claim, or seeks damages for the negligence of the defendant, which has already been alleged in the first three counts of the complaint. For the foregoing reasons, the Motion to Strike the Sixth Count is granted.
Paragraph 2 of the plaintiffs Prayer for Relief seeks common law exemplary damages and attorney's fees. "To furnish a basis for recovery of [exemplary damages], the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought. Manning v. Michael, 188 Conn. 607, 619,452 A.2d 1157 (1982)." Markey v. Santangelo, 195 Conn. 76, 77,485 A.2d 1305 (1985). The complaint alleges only negligence and breach of contract by the defendant. It does not allege wanton or wilful malicious conduct necessary for the award of punitive damages. For the foregoing reasons the second claim for relief is CT Page 168-S also ordered stricken.
By the court,
Aurigemma, J.